## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSHUA S. YBARRA,** | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **CIVIL ACTION NO. 5:15-cv-463** |
| **v.** | § | |
| | § | |
| **TESSIE & MEI, L.L.C. DOING** | § | |
| **BUSINESS AS FORMOSA GARDENS.** | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## FIRST REQUEST FOR ADMISSIONS

TO:     Joshua S. Ybarra
         By and through his attoney of record,
         Adam Poncio
         Poncio Law Offices, P.C.
         5410 Fredericksburg Road, Suite 109
         San Antonio, Texas 78229
         (210) 212-7979 Telephone
         (210) 212-5880 Facsimile

Pursuant to the Texas Rules of Civil Procedure, Defendant submits its answers Plaintiff's Request for Admissions.

## I. GENERAL OBJECTIONS

1. These answers are made solely for the purpose of this action. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any requests were asked of, or any statement contained in a document hereby produced if any requests were asked of, or any statement contained herein were made by, a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

*Defendant's Answers to Plaintiff's Requests for Admission*

2.      Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that this party answered or objected to any request or any part thereof or any statement in any document hereby produced should not be taken as an admission that this party accepts or admits the existence of any facts set forth or assumed by such request that such answer or objection constitutes admissible evidence. The fact that this party has answered part or all of any interrogatory or request is not intended and shall not be construed to be a waiver by the party of all or any part of any objection to any interrogatory or request made by this party.

3.      Defendants object to Plaintiff's instructions as they seek to impose upon Defendants' greater duties and responsibilities in answering discovery than do the relevant regulation and rules.

## II. SPECIFIC OBJECTIONS

1.      To the extent that any or all of the requests propounded by the Plaintiff call for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work-product rule or which constitutes information or material which is privileged by virtue of this attorney-client privilege with any client, this party objects to each and every such question or request.

2.      Defendant has not yet completed its investigation of the facts relating to this case. The following answers are given without prejudice to this party witness's right to produce evidence of any subsequently discovered facts.

3.      Any question or request that either the Plaintiff has not placed reasonable relevant temporal limitations on are objected to is overbroad; if it involves a request for documents or other evidence then it is also objected to as unduly burdensome, oppressive and harassing. Accordingly, this party will move for a protective order that will require the parties to place reasonable limitations on their query(ies) or requests.

4.      Unintelligible and/or compound requests which render any response thereto confusing at best.

*Defendant's Answers to Plaintiff's Requests for Admission*

## DEFENDANT'S ANSWERS TO PLAINTIFF'S
## <u>FIRST REQUEST FOR ADMISSIONS</u>

1. Admit or deny that Defendant is a business which engages in interstate commerce.

   ANSWER: Admitted to the extent that Formosa Garden is a local Asian themed restaurant that serves prepared food to customers but otherwise denied.

2. Admit or deny that Defendant is a business which engages in the production of goods for commerce.

   ANSWER: Admitted to the extent that Formosa Garden is a local Asian themed restaurant that serves prepared food to customers but otherwise denied.

3. Admit or deny that Defendant is a business which has employees handling goods or materials that have been moved in commerce.

   ANSWER: Admitted to the extent that Formosa Garden is a local Asian themed restaurant that has employees that prepare food and serves it to customers but otherwise denied.

4. Admit or deny that Defendant is a business which has employees selling goods or materials that have been moved in commerce.

   ANSWER: Admitted.

5. Admit or deny that Defendant is a business that has employees working on goods or materials that have been moved in commerce.

   ANSWER: Admitted.

6. Admit or deny that Defendant is a business which has employees handling goods or materials that have been produced for commerce.

   ANSWER: Admitted.

7. Admit or deny that Defendant is a business which has employees selling goods or materials that have been produced for commerce.

   ANSWER: Admitted to the extent that Formosa Garden is a local Asian themed restaurant that serves prepared food to customers.

8. Admit or deny that Defendant is a business that has employees working on goods or materials that have been produced for commerce.

ANSWER: Admitted to the extent that Formosa Garden is a local Asian themed restaurant that serves prepared food and beverages to customers.

9.     Admit or deny Defendant is an enterprise whose annual gross volume of sales made or business done *is* not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

ANSWER: Denied for current year.

10.    Admit or deny Defendant has been found by the Department of Labor, in prior investigations to have violated the Fair Labor Standards Act for not paying employees for all overtime worked, demonstrating willful conduct in the present case.

ANSWER:  Denied.

11.    Admit or deny Plaintiff worked for Defendant at any time during the time period of three years prior to suit in this matter to the present.

ANSWER:  Admitted.

12.    Admit or deny Plaintiff was an hourly employee and entitled to be paid overtime for hours worked for the Defendant in excess of 40 hours per week pursuant to the Fair Labor Standards Act, 29 USC Sec. 201 et seq. during his employment with Defendant.

ANSWER:  Admitted to the extent he was an hourly employee eligible for overtime pay but denied to the extent this implies defendant did not pay plaintiff properly.

13.    Admit or deny that  an hourly  rate  of $450 per hour  is a reasonable  and  necessary fee for attorney Adam Poncio for his representation  of Plaintiff in this case.

ANSWER: Denied.

14.    Admit or deny that an hourly rate of $350 per hour is a reasonable and necessary fee for attorney Adam Poncio for his representation of Plaintiff in this  case.

ANSWER: Denied.

15.    Admit or deny that other kitchen workers did not punch in or out for work done for Defendant.

ANSWER:  Denied.

16.    Admit  or  deny  that  Defendant  hired undocumented workers to work in the kitchen area for Defendant during the past three years.

ANSWER: Denied.

17.  Admit or deny that Defendant provided housing for some kitchen workers for Defendant during the past three years.

ANSWER:  Admitted.

18.  Admit or deny that Defendant did not report all wages paid to undocumented workers who worked for Defendant to the IRS or any other governmental agency during the past three years.

ANSWER:  Denied.

Respectfully submitted,

EDWARD L. PIÑA
Attorney at Law
State Bar No.  16011352
**Edward L. Piña & Associates, P.C.**
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
epina@arielhouse.com
ATTORNEY FOR DEFENDANT

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been forwarded to the following counsel of record in accordance with the Districts ECF service rules on this 6th day of July, 2015 as follows:

Adam Poncio
Poncio Law Offices, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229
(210) 212-7979 Telephone
(210) 212-5880 Facsimile
ATTORNEYS FOR PLAINTIFF

EDWARD L. PIÑA