IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSHUA S. YBARRA,<br>*Plaintiff,*<br><br>v.<br><br>TESSIE & MEI, L.L.C. DOING<br>BUSINESS AS FORMOSA GARDENS,<br>*Defendant.* | §<br>§<br>§<br>§  CIVIL ACTION NO. 5:15-cv-00463<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANT TESSIE & MEI, L.L.C. DOING BUSINESS
AS FORMOSA GARDEN'S ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

COMES NOW, Defendant Tessie & Mei, L.L.C. and pursuant to Rules 33 and 34, and other applicable Federal Rules of Civil Procedures, serves this, its Answers to the Plaintiff's First Set of Interrogatories.

## I. GENERAL OBJECTIONS

1. These responses are made solely for the purpose of this action. The term "request(s)" as used herein shall mean any queries propounded by the Plaintiff in this action by request for interrogatories. Each answer is subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections on grounds that would require the exclusion of any statement contained herein if any requests were asked of, or any statement contained in a document hereby produced if any requests were asked of, or any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

2. Except for explicit facts admitted herein, no incidental or implied admissions are

intended hereby. The fact that this party answered or objected to any request or any part thereof or any statement in any document hereby produced should not be taken as an admission that this party accepts or admits the existence of any facts set forth or assumed by such request that such answer or objection constitutes admissible evidence. The fact that this party has answered part or all of any interrogatory or request is not intended and shall not be construed to be a waiver by the party of all or any part of any objection to any interrogatory or request made by this party.

3. Defendant objects to Plaintiff's instructions as they seek to impose upon Defendant greater duties and responsibilities in answering discovery than do the relevant regulation and rules.

## II. SPECIFIC OBJECTIONS

1. To the extent that any or all of the requests propounded by the Plaintiff call for information which constitutes information or material prepared in anticipation of litigation or for trial or information or material covered by the work-product rule or which constitutes information or material which is privileged by virtue of this attorney-client privilege with any client, this party objects to each and every such question or request.

2. This party has not yet completed his investigation of the facts relating to this case. The following answers are given without prejudice to this party witness's right to produce evidence of any subsequently discovered facts.

3. Any question or request that either the Plaintiff has not placed reasonable relevant temporal limitations on are objected to as over broad; if it involves a request for documents or other evidence then it is also objected to as unduly burdensome, oppressive and harassing. Accordingly, this party will move for a protective order that will require the parties to place reasonable limitations on their query(ies) or requests.

4. Unintelligible and/or compound requests which render any response thereto confusing at best.

# DEFENDANT'S ANSWERS TO PLAINTIFF'S
# FIRST SET OF FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all current and former employees of Defendant (whether believed to be an employee or independent contractor by defendant) who held the same position or who performed duties the same or similar to those of Plaintiff, including those similarly situated to Plaintiff (as that phrase is defined above), including any kitchen workers, bussers and/or persons working as maintenance workers or janitors. In so identifying, include the individual's full name, last known address, telephone number, date of birth, location where they worked and position held.

**ANSWER:** Objection: This request is overbroad, vague, confusing and compound. Without waiver: Please note the following are employees of Formosa Garden and the names with the asterisks were expediters like Plaintiff.

> Sam Zchu *
> Juan Guevara *
> Gustavo Fuentes
> Ricky Rivera
> Kevin Yuen
> Pis Tsu Chue
> Sarh Phoeun
> Raul Serrano
> Juan Palacios
> Carlos Espinosa *
> Alicia
> Maria
> Kim McGinnis
> Kevin Teasdale

**INTERROGATORY NO. 2:**

Identify any and all policies, procedures, guidelines, instructions, or directives Defendant maintained, implemented, or applied during the relevant time period with regard to employee compensation, and any as to the classification of Plaintiff and those similarly situated to Plaintiff (as that phrase is defined above) as exempt from the Fair Labor Standards Act.

**ANSWER:** Objection: This request is overbroad and compound. Defendant follows the Federal Labor Standards Act (FLSA) and its implementing regulations.

**INTERROGATORY NO. 3:**

Identify the person or persons responsible for implementing and/or enforcing the policies, procedures, guidelines, instructions, or directives described in response to the previous interrogatory.

**ANSWER:**   Hsien Nien Meng
              Andy Young

**INTERROGATORY NO. 4:**

For Plaintiff and those similarly situated to Plaintiff, including kitchen workers, bussers and/or maintenance and/or janitorial workers, identify the number of hours worked, on a weekly basis, for each week during the Relevant Time Period. In doing so, state the factual basis for your calculation of hours and identify all document(s)/ESI supporting the calculation.

**ANSWER: Objection:** This request is overbroad, vague, confusing and compound. Plaintiff was an expediter. Please see Plaintiff's pay records previously produced in Defendant's responses to Plaintiff's First Request for Production.

**INTERROGATORY NO. 5:**

Has Defendant ever been a party to or participated in any lawsuit or other judicial or administrative proceeding (including criminal proceedings) other than this lawsuit in which allegations were made that such Defendant(s) violated the Fair Labor Standards Act? If so, please identify each such case (i.e., describe the parties involved, their legal counsel, the date the proceedings were initiated and terminated, the nature of the claims involved, the court or administrative body to whom the case was submitted, and the style of the case). This includes, but is not limited to, any investigation conducted by the Department of Labor.

ANSWER: Objection: This request is overbroad, vague, confusing and compound. Without waiver, no Department of Labor suits have, to my knowledge, ever been brought against Tessie & Mei, LLC or Formosa Garden.

**INTERROGATORY NO. 6:** Please set out the weekly pay earned by Plaintiff and each other person in the same or similar position during the relevant time period: setting out the pay for each week, the position held, identity and the name of the supervisor(s) for each.

**ANSWER:** Objection: This request is overbroad, vague, confusing and compound. Without waiver, none. Defendant is not required to produce a document that does not exist. Please see Plaintiff's pay records previously produced in Defendant's responses to Plaintiff's First Request for Production. Without waiver, Defendant states that Plaintiff worked as a server and these records have been produced; he also became an expediter for which he was paid $10.00 per hour and worked 10 shifts per week. This will be supplemented upon receipt of any additional, responsive documents or information.

**INTERROGATORY NO.7:**

If Defendant contends that Plaintiff and those similarly situated to Plaintiff are exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and/or any provisions contained in the Code of Federal Regulations, please list all sections of the FLSA and/or the Code of Federal Regulations which Defendant contends support its contention. This interrogatory includes, but is not limited to, identification of the "white collar" exemptions or any other exemption or basis for exemption Defendant is claiming - executive, administrative, professional, or outside salesperson or other. If Defendant is asserting a separate

exemption under section 213(a) other than section 213(a)(1), identification of that exemption is required as well.

**ANSWER:** Objection: This question requests a legal conclusion from Defendant, from a lay witness. This request is also overbroad, vague, confusing and argumentative. Plaintiff and all other employees were paid for all hours worked. Overtime hours were properly paid at the rate of time and a half but Plaintiff rarely worked 40 hours per week and never worked more than 40 hours per week. Defendant is not contending Plaintiff was an exempt employee.

### INTERROGATORY NO. 8:

For each such section of the FLSA or the Code of Federal Regulations listed in response to the previous Interrogatory, please identify all duties performed by Plaintiff and those similarly situated to Plaintiff that fall within such sections of the FLSA or Code of Federal Regulations or make such sections applicable to Plaintiff and those similarly situated to Plaintiff. In answering this Interrogatory: identify which duties you contend are applicable to which sections of the FLSA or the Code of Federal Regulations and for which individual(s).

**ANSWER:** Objection. This request is overbroad, vague, confusing and compound. Without waiver, Plaintiff started out as a server and then worked as an expediter. Servers are credited with a tip allowance of $2.13 per hour and the remainder of their compensation is paid by customer tips so long as this exceeds the minimum wage rate of $7.25 per hour. If the minimum wage rate is not reached for a particular server for a particular hour then Formosa Garden pays the difference to the server.

### INTERROGATORY NO. 9:

Describe any changes since January 1, 2005 to the manner in which Plaintiff or those similarly situated to Plaintiff (as defined above) have been compensated by Defendant.

**ANSWER:** Objection: Overbroad. Without waiver, Defendant notes that the tip credit regulations were updated on May 5, 2011 and these were incorporated into Defendant's policies and procedures. Other updates are made as needed.

### INTERROGATORY NO. 10:

Identify each person, by name, address, and telephone number, who has knowledge of relevant facts relating to the subject matter of this litigation and state in detail the nature of each such person's knowledge. A person has knowledge of relevant facts for purposes of this Interrogatory when he or she has or may have knowledge of any discoverable matter which relates to the facts of this case The information need not be admissible in order to satisfy the requirements of this Interrogatory, and personal knowledge is not required of the individual identified.

**ANSWER:** Please see Defendant's First Supplemental Disclosures as well as follows:

> Hsien Nien Meng
> c/o Edward L. Piña
> Attorney at Law
> Edward L. Piña & Associates, P.C.

*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas  78229-3268
(210)  614-6400 Telephone
(210)  614-6403 Telecopier

Andy Young
c/o Edward L. Piña
Attorney at Law
Edward L. Piña & Associates, P.C.
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas  78229-3268
(210)  614-6400 Telephone
(210)  614-6403 Telecopier

Joshua S. Ybarra
c/o Adam Poncio
Poncio Law Offices, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229
(210) 212-7979 Telephone
(210) 212-5880 Facsimile
Plaintiff

Tessie & Mei, LLC d/b/a Formosa Garden
c/o Edward L. Piña
Edward L. Piña & Associates, P.C.
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400
Defendant

Sam Zchu
Juan Guevara
Gustavo Fuentes
Ricky Rivera
Kevin Yuen
Pis Tsu Chue
Sarh Phoeun
Raul Serrano
Juan Palacios
Carlos Espinosa
Alicia
Maria
Kim McGinnis
Kevin Teasdale
Mario Garcia a/k/a "Carlos"

c/o Edward L. Piña
Edward L. Piña & Associates, P.C.
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400
These are all employees of the Defendant or witnesses

Lupe Ybarra
8203 Grissom Circle
San Antonio, Texas 78251
(210) 290-3877
Plaintiff's grandmother

Jose A. Ybarra
8203 Grissom Circle
San Antonio, Texas 78251
Plaintiff's father

Miranda Naranjo
10115 Garnet Point
San Antonio, Texas 78251
(210) 717-6227
Plaintiff's wife

**INTERROGATORY NO. 11:**

Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these Interrogatories. If more than one person was so involved, describe for each such individual the information which that person provided.

**ANSWER:** Objection: Overbroad. Without waiver, Hsien Nien Meng and Defendant's attorney, Edward L. Piña.

**INTERROGATORY NO. 12:**

For each person you may call as an expert witness at the trial of this case, please state his or her full name, educational background, other training experience or knowledge which qualifies him or her as an expert, residential and business addresses, occupation and employer and the subject matter upon which each such expert witness is expected to testify and a summary of the grounds for each opinion which it is expected will be given.

**ANSWER:** Defendant has not retained any experts other than counsel, Edward L. Piña at this time who will testify regarding attorney fees. Please *see* the curriculum vitae, Exhibit 3 attached to Defendant's responses to Plaintiff's First Requests for Production. This will be supplemented if experts are retained.

**INTERROGATORY NO. 13:**

If you have used any expert for consultation who is not expected to be called as a witness, and if such expert's work product forms a basis, either in whole or in part, of the opinion of any expert who is to be called as a witness or if the consulting expert's opinion or impressions have been reviewed by a testifying expert, please identify:

    (a)    His full name, address and telephone number;

    (b)    The expert witness who used the consultant's work product; and

    (c)    The subject matter on which such expert witness used the consulting expert's work product.

ANSWER: Defendant does not have any consulting experts. This will be supplemented in the event Defendant retains or relies upon any consulting experts.

**INTERROGATORY NO. 14:** List every article periodical, pamphlet, book, treatise, or other authority you intend to utilize at the time of trial and/or which you intend to establish as an authoritative and reliable source.

**ANSWER:** This request is overbroad and compound. Defendant follows the Federal Labor Standards Act (FLSA) and its implementing regulations. Defendant has no plans to "establish" any other "authoritative and reliable source."

**INTERROGATORY N0. 15:**

Identify any other business owned or operated by Defendant or its corporate owners and identify the owners of the entity that owns Defendant.

**ANSWER:** Objection. This request is overbroad, vague and compound. Defendant will supplement with Limited Liability Company documents. The remainder of the interrogatory request are not relevant to any issue in this case.

**INTERROGATORY NO. 16:**

Identify those persons responsible for supervision of the location where Plaintiff worked and those persons responsible for pay determinations regarding how Plaintiff and those similarly situated were compensated during Plaintiff's employment with Defendant.

**ANSWER: Objection: This request is overbroad and compound.** Kevin Yuen, General Manager; Andy Young, or Hsien Nien Meng.

Respectfully submitted,

*signature*

EDWARD L. PIÑA
Attorney at Law
State Bar No. 16011352
Edward L. Piña & Associates, P.C.
*The Ariel House*
8118 Datapoint Drive
San Antonio, Texas 78229
(210) 614-6400 Telephone
(210) 614-6403 Facsimile
**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant, Tessie & Mei, L.L.C. doing business as Formosa Garden's Answers to Plaintiff's First Set of Interrogatories has been forwarded Via Certified Mail-Return Receipt Requested, Via Facsimile Transmission, First Class Mail and/or Via Electronic Filing to:

Adam Poncio
Poncio Law Offices, P.C.
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229
(210) 212-7979 Telephone
(210) 212-5880 Facsimile
ATTORNEYS FOR PLAINTIFF

on this __14__ day of August, 2015.

*signature*

EDWARD L. PIÑA

## VERIFICATION

STATE OF TEXAS           §
                         §
COUNTY OF BEXAR          §

BEFORE ME, the undersigned authority, personally appeared Hsien Nien Meng who being by me duly sworn, deposed and said that he has read the foregoing answers to interrogatories, and such answers are true and correct.

_____
HSIEN NIEN MENG

SWORN TO AND SUBSCRIBED BEFORE ME on this 31 day of July, 2015.

_____
NOTARY PUBLIC - STATE OF TEXAS

ESTHER SEXTON
Notary Public, State of Texas
My Commission Expires
February 16, 2016